UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVE J. STOCKWELL,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>  Defendant. | CASE NO. C07-5449BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable J. Kelley Arnold, United States Magistrate Judge (Dkt. 18). The Court has considered the Report and Recommendation, Plaintiff's objections, and the file, and hereby adopts the Report and Recommendation for the reasons stated herein.

## I. DISCUSSION

Plaintiff objects to the Report and Recommendation in several respects. Dkt. 19. The Court agrees with and adopts the Report and Recommendation over Plaintiff's objections for the reasons stated herein.

Plaintiff first contends that the Administrative Law Judge ("ALJ") did not give appropriate weight to his treating physician, Kip L. Kemple, M.D. With respect to Dr. Kemple, Mr. Stockwell contends that the ALJ's grounds for rejecting the opinion were speculative, that Dr. Kemple's opinion is consistent with other evidence in the record, and that rejecting Dr. Kemple's opinion on the basis that he is a rheumatologist rather than an orthopedic surgeon is not convincing. The ALJ

ORDER - 1

declined to afford significant weight to Dr. Kemple's opinion, memorialized in correspondence dated September 20, 2006. Dkt. 9 at 30. The ALJ concluded that "Dr. Kemple may have in this case stepped out of his role as an objective treating medical source and assumed the role of an advocate." *Id*. The ALJ acknowledged that "it is difficult to confirm the presence of such motives" but based this conclusion on the fact that Dr. Kemple's September 20, 2006, opinion was inconsistent with the doctor's own treatment notes and conflicted with other substantial evidence in the record. *Id.* Mr. Stockwell cites *Orn v. Astrue*, 495 F.3d 625, 643 (9th Cir. 2007), for the proposition that a medical condition need not be included in every treatment note in order for the reviewing court to conclude that an opinion is supported by the record as a whole. The ALJ, consistent with this principle, viewed Dr. Kemple's September 20, 2006, opinion in the context of his treatment notes and gave ample reasons, including the fact that Plaintiff's medical issues were outside the field of rheumatology, for declining to afford this opinion significant weight.

Second, Plaintiff contends that the ALJ did not give appropriate weight to his examining therapist, Scott Christensen. Dkt. 19 at 4. Mr. Stockwell contends that the ALJ misrepresented Mr. Christensen's opinion. The Court disagrees. Mr. Christensen concluded that Mr. Stockwell can sit for about four hours per day and can stand or walk for about four hours per day "if frequent changes of position or frequent walking." Dkt. 9 at 156. The ALJ summarized Mr. Christensen's conclusion as follows:

> During an eight-hour day, he concluded the claimant could sit for fifteen minutes at a time and for two to four hours and stand or walk for fifteen minutes at a time and for up to two hours. He further concluded that the claimant could sit, stand and walk for a total of four hours each provided he is allowed to periodically alternate sitting and standing to relieve pain or discomfort. . . . Mr. Christensen indicated that the claimant could do light to medium work for an eight-hour work day, when allowed to change position every fifteen to thirty minutes.

Dkt. 9 at 30. The ALJ did not misrepresent or mischaracterize Mr. Christensen's opinion.

Third, Plaintiff contends that the ALJ did not properly consider his testimony. The Court agrees with the Report and Recommendation's conclusion that the ALJ offered several sufficient bases for discrediting Mr. Stockwell's testimony, including the following: Mr. Stockwell's testimony was not supported by objective medical findings or other corroborative evidence, his

ORDER - 2

efforts at controlling his symptoms through routine and conservative treatment have been successful, he was a "poor historian," he "hesitated for long periods before answering a question and required prompting for details," and his responses were evasive, vague, and inconsistent at times. Dkt. 9 at 28.

Finally, having concluded that the ALJ properly considered the opinions of Dr. Kemple and Mr. Christensen and provided a sufficient basis for discrediting Mr. Stockwell's testimony, the Court denies Plaintiff's objections regarding his residual functional capacity, and his ability to perform past relevant work or other work.

## II. ORDER

Therefore, it is hereby

**ORDERED** that the Court **ADOPTS** the Report and Recommendation (Dkt. 18), and the administrative decision is **AFFIRMED**.

DATED this 30th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3